IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Case No. : 1:16-cv-509

| | |
|---|---|
| DOUBLE DOGGIE, LLC,<br>        Plaintiff,<br>v.<br>PETSMART, INC.,<br>        Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff Double Doggie, LLC ("Double Doggie"), for its complaint against Defendant Petsmart, Inc. ("PetSmart"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

2. The patent in suit, U.S. Patent 6,626,132 (the "'132 Patent"), covers a novel pet leash and a method of using it that enables walking multiple pets on a single-handle leash, configured to reduce the common problem of pets entangling themselves and their owner while walking. Products manufactured under the patent have been quite successful and have been sold to retailers and customers around the United States. PetSmart, which has sold many thousands of licensed "double dog" leashes (designed to allow tangle-free walking of two dogs at once), now is selling unlicensed infringing knockoffs and inducing infringements by others. This action seeks relief on account of those infringements.

## THE PARTIES

3. Plaintiff Double Doggie is a limited liability company organized under the

1

laws of Colorado, domesticated in the State of North Carolina, and with a principal place of business and managing member at 314 Anderson St., Apt. M, Durham, NC 27708.

4. Defendant PetSmart is a Delaware corporation, domesticated in the State of North Carolina, with a registered office and agent at 150 Fayetteville St., Box 1011, Raleigh, NC 27601. PetSmart is the operating company of multiple retail pet stores located in Durham, North Carolina and elsewhere in this judicial district.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

7. PetSmart, Inc. is subject to the jurisdiction of this Court by reason of its acts of patent infringement which have been committed in this judicial district, and by virtue of its regularly conducted and systematic business contacts in this State. PetSmart has purposefully availed itself of the privilege of conducting business within this judicial district; has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being haled into court in this judicial district; has purposefully directed activities at residents of this State; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

## THE PATENT-IN-SUIT

8. On September 30, 2003, United States Patent No. 6,626,132, entitled

"Multiple Pet Leash," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '132 Patent is attached as Exhibit A to this Complaint.

9. Double Doggie is the assignee and owner of all right, title and interest in and to the '132 Patent, including the right to assert all causes of action arising under the '132 Patent and all rights to all remedies for infringement.

## NOTICE OF THE PATENT

10. At all times pertinent to this litigation, Double Doggie and its licensees and any predecessor in interest have complied with the requirements of 35 U.S.C. §287 with respect to marking, giving notice to the public that each patented article is patented by fixing to the article, or to labels on its packaging, the phrase "US Patent 6,626,132" or an equivalent phrase containing the word "patent" or the abbreviation "pat.", together with the number of the patent.

11. PetSmart not only had constructive notice of the '132 Patent by reason of marking of the patent number on products in general, but had actual notice by reason of PetSmart's own purchases and sales of double dog leashes licensed by Plaintiff, each of which was marked with the patent number: "US Patent 6,626,132."

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,626,132

12. The allegations set forth in all preceding paragraphs of this complaint are hereby realleged and incorporated herein by reference.

13. Without license or authorization, PetSmart has directly infringed and continues to directly infringe one or more claims of the '132 Patent in this judicial district

and elsewhere in the United States by making or having made by others, by using, and by selling products that infringe the '132 Patent.

14. The infringing products include but are not necessarily limited to products sold under the names "Top Paw Double Dog Leash" (listed on packaging as the "Top Paw" "Double Take Leash") and "Coastal Pet Products Personalized Double Walker Dog Leash." The manufacture, sale, offer for sale, and use of the aforesaid products by PetSmart constitutes infringement under at least 35 U.S.C. § 271(a).

15. Each of the Top Paw Double Dog Leash and the Coastal Pet Products Personalized Double Walker Dog Leash, both of which are products sold by PetSmart, are multiple pet restraints. Each of these leashes includes a flexible main line, having a proximate end and a distal end. The proximate end has a means for restraining the mainline; and includes a swivel, having a mainline connecting element and a continuous, tether-connecting element having a circular lower portion. The continuous, tether-connecting element does not embody a snap-fastener. The distal end of the main line is fixedly secured to the mainline connecting element. Each of these leashes includes at least two flexible animal tethers, each of which has a proximate end that is slidebly and fixedly secured to the circular lower portion of the continuous tether connecting element, and a distal end that is adapted for engaging an animal restraining means. In addition, in the Top Paw Double Dog Leash and the Coastal Pet Products Personalized Double Walker Dog Leashes: the continuous tether-connecting element is substantially "D" shaped; the main line connecting element is substantially "D" shaped; each of the two animal tethers has means for adjusting the length of the tether; each of the two animal

tethers has a swivel at each of their distal ends; each of the two animal tethers has a snap hook at each of their distal ends for engaging an animal collar; and the main line has at its proximate end a means for selectively receiving a human hand there through. Accordingly, each of these products infringes at least claims 1, 2, 4, 7, 8, 9, and 10 of the '132 Patent.

16. Each of the Top Paw Double Dog Leash and the Coastal Pet Products Personalized Double Walker Dog Leashes is constructed, intended, and advertised for restraining multiple pets by a method comprising attaching each distal end of at least two flexible animal tethers, having a proximate end and a distal end, to an animal restraining means, wherein the proximate end is slidebly and fixedly secured to the bottom portion of a continuous, tether-connecting element of a swivel wherein the continuous, tether-connecting element does not embody a snap-fastener and wherein the bottom portion is substantially circular; and, a flexible line having a distal end and a proximate end wherein the distal end is fixedly attached to a mainline connecting element of the swivel and means for restraining on the proximate end. In addition, in the method of using the Top Paw Double Dog Leash and the Coastal Pet Products Personalized Double Walker Dog Leashes: the continuous tether-connecting element is substantially "D" shaped; the mainline connecting element is substantially "D" shaped; each of the at least two animal tethers has means for adjusting the length of the tether; each of the at least two animal tethers has a swivel means at each of their distal ends; each of the at least two animal tethers has a snap hook at each of their distal ends for engaging an animal collar; and the main line has at its proximate end a means for selectively receiving a human hand there

5

through. Accordingly, the use of each of these products infringes at least claims 11, 12, 14, 17, 18, 19, and 20 of the '132 Patent.

17. A claim chart is attached as Exhibit B and incorporated herein by reference, illustrating with photographs of leashes and packaging, and the words of PetSmart's advertising, the manner in which both the Top Paw Double Dog Leash and the Coastal Pet Products Personalized Double Walker Dog Leash sold by PetSmart, and the use thereof, infringe the aforesaid claims of the '132 Patent.

18. PetSmart has induced and continues to induce third parties to infringe the '132 Patent, and has contributed to their infringement, at least by selling products to end users who, using double dog leashes sold by PetSmart in the manner instructed by PetSmart, infringe claims of the '132 Patent.

19. PetSmart has induced and continues to induce third parties to infringe the '132 Patent at least by, upon information and belief, contracting with third parties to manufacture double dog leashes which infringe claims of the '132 Patent, and by purchasing such infringing double dog leashes from said third parties who manufactured them at PetSmart's request; as well as by inducing one or more persons to use the leashes for PetSmart's advertising and marketing purposes.

20. "Top Paw," as applied to leashes, is the subject of U.S. Trademark Registration 1,834,630, a registration which was obtained by PetSmart and subsequently assigned to what is on information and belief a closely affiliated entity, PetSmart Home Office, Inc., a Delaware corporation with its principal place of business at the same location as that set out hereinabove for PetSmart. On information and belief, the "Top

6

Paw Double Dog Leash" is PetSmart's house brand leash, the sale of which is more profitable for PetSmart than the sale of products that PetSmart must purchase from entities such as Double Doggie and Double Doggie's licensees.

21. Although PetSmart knew or should have known, and on information and belief did know, that double dog leash products it then was purchasing were covered by the '132 Patent, PetSmart nonetheless deliberately set about mimicking those products and infringing, contributing to, and inducing infringement of the '132 Patent, all in order to decrease its own expenses and increase its own profits at the expense of those rightfully entitled to profit from exploitation of the '132 Patent.

22. PetSmart's infringements were intentional, willful, and wanton.

23. Because of PetSmart's infringement of the '132 Patent, Double Doggie has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

24. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Double Doggie demands a trial by jury on all issues and claims triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Double Doggie respectfully demands judgment for itself and against Defendant as follows:

A. Finding that Defendant has infringed the '132 Patent;

B. Finding that Defendant has infringed the '132 Patent knowingly, deliberately, intentionally, willfully and wantonly;

C. Awarding damages to be paid by Defendant adequate to compensate Double Doggie for its past infringement of the '132 Patent, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

D. Multiplying the damages award and awarding to Plaintiff three times the actual damages suffered by Plaintiff;

E. Finding that this case is exceptional under 35 U.S.C. § 285, and awarding to Plaintiff its reasonable attorneys' fees; and

F. Awarding to Double Doggie such other and further relief at law and in equity as the Court deems just and proper.

Respectfully submitted this 21st day of May, 2016.

| /s/ K. Alan Parry | /s/ Susan Freya Olive |
|---|---|
| K. Alan Parry | Susan Freya Olive |
| NC Bar No. 31343 | NC Bar No. 7252 |
| **PARRY | TYNDALL |WHITE** | A. Jose Cortina |
| 100 Europa Drive, Suite 401 | NC Bar No. 26113 |
| Chapel Hill, NC 27517 | David L. McKenzie |
| 919-246-4676 tel | NC Bar No. 36376 |
| 919-246-9113 fax | **OLIVE & OLIVE, P.A.** |
| aparry@ptwfirm.com | 500 Memorial Street |
| | P.O. Box 2049 |
| | Durham, NC 27702-2049 |
| | Phone: (919) 683-5514 |
| | emailboxMDNC@oliveandolive.com |

**Counsel for Plaintiff Double Doggie, LLC**